BOWMAN AND BROOKE LLP
Brian Takahashi (SBN# 146505)
E-mail: Brian.Takahashi@bowmanandbrooke.com
Autumn E. Lewis (SBN# 295584)
E-mail: Autumn.Lewis@bowmanandbrooke.com
970 West 190th Street, Suite 700
Torrance, CA 90502
Tel: 310/ 768-3068
Fax: 310/ 719-1019

Attorneys for Defendants JAGUAR LAND ROVER NORTH AMERICA, LLC and PENEGON NEWPORT BEACH, INC. dba JAGUAR LAND ROVER NEWPORT BEACH

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| ROBBIN ROTH,<br><br>Plaintiff,<br><br>vs.<br><br>JAGUAR LAND ROVER NORTH AMERICA, LLC, a Delaware Limited Liability Company, JAGUAR LAND ROVER NEWPORT BEACH, a Business Organization Form Unknown, and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO: 8:17-cv-01522 AG (DFMx)<br><br>*Assigned to Hon. Andrew J. Guilford*<br><br>Magistrate Judge for discovery-related motions: *Hon. Douglas F. McCormick*<br><br>**DEFENDANT PENEGON NEWPORT BEACH, INC. dba JAGUAR LAND ROVER NEWPORT BEACH MOTION TO COMPEL ARBITRATION AND STAY ACTION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF PAM DOYLE; DECLARATION OF AUTUMN E. LEWIS**<br><br>Date: December 4, 2017<br>Time: 10:00 a.m.<br>Courtroom: 10D |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff Robbin Roth entered into a written contract with Defendant for the purchase of a Certified Pre-Owned ("CPO") 2011 Jaguar XJ Supercharged. The transaction was governed by a written "Retail Installment Sale Contract — Simple Interest Finance Charge (With Arbitration Provision)" ("RISC") containing the terms and conditions of the purchase. See RISC attached as Exh. A to Declaration

of Pam Doyle. ("Doyle Decl.") The RISC, form 553-CA-ARB, revised in July 2013, includes an arbitration provision which allows either party to "choose to have any dispute between us decided by arbitration and not in court or by jury trial." Exh. A to Doyle Decl., "Arbitration Provision." That provision expressly grants Defendant the right to elect that any dispute be resolved by arbitration. Accordingly, and pursuant to that provision, Defendant moves the Court for an order requiring Plaintiff's claim to be decided by arbitration and also staying this action pending the completion of such arbitration.

Pursuant to Local Rule 7-3, the parties have meet and conferred both telephonically and in written exchanges regarding arbitration. See Declaration of Autumn E. Lewis. Plaintiff is unwilling to stipulate to have this matter arbitrated pursuant to the RISC.

## II. STATEMENT OF FACTS

On April 14, 2015 Plaintiff purchased a CPO 2011 Jaguar XJ Supercharged, VIN SAJWA1GE0BMV17553("Vehicle") from Defendant pursuant to the aforementioned RISC. The RISC provides:

> **Agreement to Arbitrate**: By signing below, you agree that, pursuant to the Arbitration Provision on the reverse of this contract, you or we may elect to resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate. (*See* RISC, Exh. A to Doyle Decl.)

After an opportunity to review the RISC, Plaintiff expressly and in writing indicated her agreement with the arbitration provision set forth on the RISC, which states, in relevant part:

> 1. EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.
>
> …
>
> Any claim or dispute, whether in contract, tort, statute or otherwise…between you [Plaintiff] and us [Defendant]…which arises out of or relate to your credit

> application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship...shall, at your or our election, be resolved by neutral binding arbitration and not by court action.
>
> Any arbitration under this Arbitration Provision shall be governed by the Federal Arbitration Act (9 U.S.C. § 1, et seq.) and not by any state law concerning arbitration.

(*Id.*)

The RISC forms the basis of Plaintiff's allegations against Defendant. (See *id.*) The Complaint contains causes of action for the implied and express warranty under the Song Beverly Warranty Act, violation of the Consumer Legal Remedies Act, and violation of Business & Professions Code §1720, *et seq.* As a party to this action, and to the RISC, Defendant has the legal right to demand that this dispute be resolved pursuant to binding arbitration as expressly set forth in the RISC.

Accordingly, Defendant denies Plaintiff's allegations and hereby demands that the controversy be resolved through binding arbitration, pursuant to the controlling RISC.

## III. LEGAL ARGUMENT

Plaintiff's claim must be arbitrated pursuant to the parties' express agreement. The Federal Arbitration Action ("FAA") "makes agreements to arbitration 'valid, irrevocable, and enforceable.'" *Davies v. Broadcom Corporation,* 130 F.Supp.3d 1343, 1352 (2015) (quoting *AT&T Mobility, LLC v. Concepcion,* 563 U.S. 333, 333 (2011)). The FAA mandate "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 218 (1985); *see Cohen v. Wedbush Noble Cooke, Inc.*, 841 F.2d 282, 285 (9th Cir. 1988). Federal courts favor the enforcement of valid arbitration agreements. The United States Supreme Court has often reaffirmed the long-standing "liberal federal policy favoring arbitration," and the "fundamental

principle that arbitration is a matter of contract" stating, "[i]n line with these principles, courts must place arbitration agreements on equal footing with other contracts . . . and enforce them according to their terms." *See e.g., AT&T Mobility, LLC v. Concepcion*, 563 U.S. 333, 131 S.Ct. 1740, 1745-1746 (2011). Indeed, courts are required to resolve any doubt as to whether a dispute falls within an arbitration provision in favor of arbitration. *See AT&T Tech., Inc. v. Comm. Workers of Am.*, 475 U.S. 643, 649-650 (1986).

In this instance, there is no doubt that an agreement to arbitrate the subject commercial transaction exists between Plaintiff and Defendant. Therefore, it is without question and beyond dispute that Plaintiff were placed on notice that either party to the RISC had the right to elect to arbitrate disputes arising from the sale.

### A. Plaintiff's Claims Are Subject to Arbitration Under the FAA

By the terms of the relevant arbitration agreement contained in the RISC, Plaintiff's claims are subject to arbitration pursuant to the FAA. (*See* RISC, Exh. A to Doyle Decl.) Section 2 to of the FAA "reflects both that (a) arbitration is fundamentally a matter of contract, and (b) Congress expressed a 'liberal federal policy favoring arbitration.'" *Chavarria v. Ralphs Grocery Co.*, 733 F.3d 916, 921 (9th Cir. 2013) (quoting *Conception*, 131 S.Ct. at 1745).

The FAA provides in pertinent part that:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. §4

The role of the court is to determine "(1) whether a valid agreement to

arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Cox v. Ocean View Hotel Corp.*, 533 F.3d 114, 119 (9th Cir. 2008) (quoting *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000)). Due to the "strong judicial policy favoring the submission of contractual disputes to arbitration," the requirement that the contract involve "commerce" is construed broadly. *Societe Generale de Surveillance, S.A. v. Raytheon European Mgmt. and Sys. Co.* 643 F.2d 863, 867 (1st Cir. 1981); *see Concepcion*, 131 S.Ct. at 1745-1746; Federal policy favors arbitration agreements and requires that the Court rigorously enforce them. *Shearson/American Exp., Inc. v. McMahon*, 482 U.S. 220, 226, 107 S.Ct. 2332, 2337 (1987) (citing *Dean Witter Reynolds, Inc. v. Byrd* 470 U.S. 213, 221, 105 S.Ct. 1238, 1242-1243 (1985)). Normally, on a motion compel arbitration under the FAA, the Court applies a strong presumption in favor of arbitration. *ARW Exploration Corp. v. Aguirre*, 45 F.3d 1455, 1462 (10th Cir. 1995) (FAA evinces strong federal policy in favor of arbitration); *see Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp* 460 U.S. 1, 24-25; 103 S.Ct. 927, 941(1983).

### 1. The Arbitration Provision is not Unconscionable

Defendant anticipates that Plaintiff will argue the Arbitration Provision in the RISC is unconscionable. "In California, an agreement must be both procedurally and substantively unconscionable to be unenforceable." *McLaurin v. Russel Sigler, Inc.*, 155 F.Supp.3d 1042 (2016). "Substantive unconscionability focuses on the one-sidedness or overly harsh effect of the contract term or clause." *Kilgore v. KeyBank, Nat. Ass'n*, 718 F.3d 1052, 1058 (9th Cir. 2013) (quoting *Harper v. Ultimo*, 113 Cal.App.4th 1402 (2003)). "Procedural unconscionability focuses on the factors of surprise and oppression." Id. An unconscionable term or phrase is not enough to invalidate an arbitration agreement, the federal courts are empowered to enforce the agreement after striking unconscionable terms or phrases that are contradictory to the "essential purpose of the agreement."

1 | *McLaurin*, 155 F.Supp.3d at 1047.

2 |     The RISC arbitration agreement is neither substantially nor procedurally unconscionable. Plaintiff's claim against Defendant arises out of the specific automobile purchase transaction between Plaintiff and the dealership that formed the basis for the RISC. Substantively, the claim is governed by the provision and Defendant has the legal and enforceable right to demand arbitration of this action.[1] In fact, the California Supreme Court very recently confirmed the enforceability of an arbitration provision contained within an automobile purchase contract that was nearly identical to the provision at issue herein. *See Sanchez v. Valencia Holding Co., LLC*, 61 Cal.4th 899 (2015).

    In that case, the Court rejected the plaintiff's defense of unconscionability and found that claims based on the Song-Beverly Act, like Plaintiff's claim in this case, are procedurally arbitrable under the FAA. *Sanchez*, 61 Cal.4th at 907. In addition, similar statutory consumer claims for damages under the Consumer Legal Remedies Act and the UCL are also arbitrable. *Id.; Broughton v. Cigna Healthplans of Cal.* (1999) 21 Cal.4th 1066, 1084 and *Cruz v. Pacificare Health Sys.* (2003) 30 Cal.4th 303, 317-318 (collectively referred to as *Broughton/Cruz*) (holding that Cal. Bus. & Prof. Code § 17200 claims are arbitrable); *see also Gilmer v. Interstate/Johnson Lane Corp.* (1991) 500 U.S. 20, 26, 111 S.Ct. 1647 (noting that "it is by now clear that statutory claims may be the subject of an arbitration agreement, enforceable pursuant to the FAA"); *Buckhorn v. St. Jude Heritage Med. Grp.* (2004) 121 Cal.App.4th 1401, 1407-1408 (noting that tort claims, as well as contractual claims, are subject to arbitration).

    In *Bernhardt v. Polygraphic Co.* 350 U.S. 198, 200, 76 S.Ct. 273 (1956), the United States Supreme Court indicated that a contract involves commerce where there is a "showing that petitioner while performing his duties under the

---

[1] By its terms, the provision covers claims "which arise out of or relate to credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship." (*See* RISC, Exh. A to Doyle Decl.).

employment contract was working 'in' commerce, was producing goods for commerce, or engaging in activity that affected commerce." *Id.*, at 200-201. Here, Defendant does business as an automobile dealership and is unquestionably involved in the selling and leasing of automobiles in the course of commerce, as that term is broadly defined in the above-cited federal cases interpreting the FAA.

### B. The Agreement is Valid and Enforceable.

The United States Supreme Court, pursuant to the FAA and the policy favoring arbitration, mandates that arbitration agreements be enforced; and, that arbitration agreements can only be invalidated by generally applicable contract defenses, such as fraud, duress, or unconscionability, and "not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." *Concepcion*, 131 S.Ct. at 1746 (citations omitted). Moreover, "when state law prohibits outright the arbitration of a particular type of claim, the analysis is straightforward: The conflicting rule is displaced by the FAA." *Id.* at 1747 (citations omitted). In *Concepcion*, the Supreme Court disapproved judicial vetting, under the doctrine of unconscionability, of the parties' agreed upon arbitration procedures. A court "may not rely on the uniqueness of an agreement to arbitrate as a basis for a state-law holding that enforcement would be unconscionable..." *Id.* Accordingly, the Court need only read the arbitration provision and enforce it pursuant to its terms. *Id.*

*Concepcion* also holds that even if a particular arbitral process agreed upon by the parties and reasonably tailored to the type of dispute would otherwise be unenforceable under state law-either directly by statute or indirectly through doctrines such as unconscionability — the FAA preempts and requires enforcement of the arbitration clause. *Concepcion*, 131 S.Ct. at 1749, 1753. (See also *Pinnacle Museum Tower Ass'n v. Pinnacle Mkt. Dev. (US), LLC* 55 Cal.4th 223, 245 (2012) ("[b]ecause public policy strongly favors arbitration as 'a speedy

and relatively inexpensive means of dispute resolution,'" the Court will "decline to read additional unwritten procedural requirements, such as actual notice and meaningful reflection, into [an] arbitration statute.... the FAA precludes judicial invalidation of an arbitration clause based on state law requirements that are not generally applicable to other contractual clauses, such as proof of actual notice, meaningful reflection, signature by all parties, and/or a unilateral modification clause favoring the nondrafting party.") (internal citations omitted).)

In the instant case, a standard sale contract containing an arbitration provision was used in connection with Plaintiff's purchase of the Vehicle. Standard form contracts are utilized by virtually every automobile dealership in the State of California and many such contracts contain arbitration provisions. In fact, the title for the form contract includes the following "(With Arbitration Provision)". (RISC, Exh. A to Doyle Decl.). As such, arbitration clauses are reasonably anticipated by consumers. The sale of a motor vehicle involves interstate commerce; therefore, the FAA clearly applies. Plaintiff was unquestionably put on notice of the arbitration provision when she signed the RISC. In fact, Plaintiff signed directly below the following statement:

> **Agreement to Arbitrate**: By signing below, you agree that, pursuant to the Arbitration Provision on the reverse side of this contract, you or we may elect to resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate. [Emphasis in original.]

This notice regarding the arbitration clause is clearly printed on the front of the RISC in bold, capital letters. The arbitration clause itself is set forth on the reverse side of the RISC and clearly states in bold and all capital letters on the first line that all disputes arising between the parties may be settled by arbitration and not by a court or jury. Notice of the arbitration provision, and its effect, was clear and conspicuous and located in more than one location in the RISC. There can be

no reasonable contention that arbitration of this, or any dispute, arising between the parties was not reasonably anticipated by Plaintiff.

Both parties have the right to demand arbitration. Moreover, the clause gives Plaintiff the right to choose the arbitral forum. Under the terms of the clause, Plaintiff may elect to arbitrate disputes through the American Arbitration Association, or another provider of Plaintiff's choice subject to the approval of dealership. The rules of the American Arbitration Association specified by the clause as governing the resolution of disputes between the parties are regarded by courts to be neutral and fair. *Green Tree Fin. Corp. v. Randolph* 531 U.S. 79, 95, 121 S.Ct. 513 (2000). Furthermore, this lawsuit involves a <u>consumer</u> who brought a contract related claim against a car dealership in a <u>commercial context</u>. A cost-sharing clause in a commercial arbitration agreement requiring the parties to share costs equally is mutual and fair. In the present case, the cost sharing clause is, in fact, more than fair to Plaintiff in that it requires Defendant to pay up to $5,000 in arbitration costs on Plaintiff's behalf. Moreover, even if any provision were to be found unconscionable (which Defendant disputes and would be contrary to binding authority), the proper remedy is to sever it, not strike down the entire arbitration agreement. *see Concepcion, supra,* 131 S. Ct. at 1746;' *see also Little v. Auto Stiegler, Inc.* 29 Cal.4th 1064, 1074-76 (2003).

C. **This Entire Matter Should Be Ordered to Arbitration.**

Defendant Jaguar Land Rover North America, LLC ("JLRNA") distributed the Vehicle and is a party to this action. JLRNA is not, however, a party to the RISC. Nevertheless, California law provides the Court with the discretion to order the entire matter to arbitration even as to the non-signatory.[1] In fact, "[i]t is well established that a nonsignatory beneficiary of an arbitration clause is entitled to require arbitration." *Harris v. Sup. Ct,* 188 Cal.App.3d 475, 478 (1986). That

---

[1] JLRNA consents to being included as a party to the arbitration. See Consent to Participate in Arbitration, filed separately by JLRNA.

Court also found compelling the nonsignatory's consent and willingness to being included in a binding arbitration of a dispute to which it is a party. *Id.*, at 477 ("trial court granted the motion [to compel arbitration] with respect to the claim against the [nonsignatory] holding company, based on its expressed willingness to arbitrate.")

The Arbitration Provision in the RISC is broadly written in that it provides that "[a]ny claim or dispute...which arises out of or relate to...the purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract)" shall proceed to arbitration. See, e.g., *Spahr v. Secco*, 330 F.3d 1266, 1270 (10th Cir. 2003) (describing as "broad" a provision to arbitrate "all disputes arising out of or relating to" contract); *AT&T,* 475 U.S. 643 at 650 (presumption of arbitration particularly applicable where broad clause provides for arbitration of any differences arising with respect to interpretation of contract or performance of any obligation hereunder). When a contract contains a broad arbitration provision, any matters that touch the subject that is to be arbitrated should be arbitrated as well. See *P&P Indus., Inc. v. Sutter Corp.*, 179 F.3d 861, 871 (10th Cir. 1999) There broad provisions are not limited to claims that literally arise under the contract, but rather "embrace all disputes between the parties having a significant relationship to the contract regardless of the label attached to the dispute." *Pennzoil Exploration and Production Co. v. Ramco Energy Ltd.*, 139 F.3d 1061, 1067 (5th Cir. 2006) "[D]oubts concerning the scope of arbitrable issues should be resolved in favor or arbitration." *Moses H. Cone Mem'l Hosp.*, supra, 460 U.S. 1 at 24-25, 103 S.Ct 927 at 74.

*Mance v. Mercedes-Benz USA*, 901 F.Supp. 2d 1147, 1155-56 (N.D. Cal. 2012) is also instructive. There, the buyer brought an action against the manufacturer under the same lemon law [Song Beverly Consumer Warranty Act] at issue in this case. *Id.* at 1152. In response, the manufacturer brought a motion

to compel arbitration under a retail installment sale contract that is virtually identical to the one in this case. *Id.* The district court granted the manufacturer's motion to compel arbitration even though it was not a signatory to the contract. In so ruling, the district court noted that:

> "Mercedes—Benz's duty to comply with its warranty arose only when Mr. Mance bought the car. Had he not signed the contract, he would not have received the warranty from Mercedes—Benz. In other words, his claim for breach of warranty is premised on, and arises out of, the contract.... In such a situation, it would not be fair to allow Mr. Mance to rely upon his signing the contract to buy the car and get the warranty but to prevent Mercedes—Benz from attempting to enforce the contract's arbitration clause."

*Id.* at 1157.

The district court in *Mance* also inferred that if the plaintiff also brought claims against the signatory dealer (as is the case here), there would have been further cause to grant the motion to compel arbitration, because those claims would have been "inherently bound upon" the claims against the manufacturer. *Id.*

Here, the claims asserted against the dealership and JLRNA are premised on, and arise out of, the RISC and thus involve the same facts, Vehicle and warranty. Pursuant to the express terms of the RISC, such claims are to be resolved through binding arbitration. Otherwise, parallel actions will proceed in arbitration and this Court wherein both defendants are necessary parties. The most fair, reasonable and efficient result would be to compel this entire matter to arbitration, including the inextricably intertwined claims against JLRNA.

### D. This Matter Must Be Stayed While the Application to Arbitration is Pending Through the Conclusion of Arbitration.

Defendant requests that this Court stay this action. Section 3 of the FAA provides that:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding

is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

Accordingly, Defendant requests that in addition to ordering the present matter to binding arbitration and staying the action until the arbitration is concluded, that this Court also stay the proceedings in this matter as to all parties while this application to arbitrate is pending.

## IV. CONCLUSION

Defendant has established the existence of a written arbitration agreement to which Plaintiff is a party. The dispute between Plaintiff and Defendant is subject to the arbitration agreement. For the reasons stated above, Defendant respectfully requests that this Court grant this motion to compel arbitration pursuant to the terms and conditions of the arbitration clause attached to this motion. In addition, the Court should order that this lawsuit be stayed pending completion of the arbitration.

DATED: November 3, 2017

BOWMAN AND BROOKE LLP

BY: /s/Autumn E. Lewis
Brian Takahashi
Autumn E. Lewis
Attorneys for Defendants JAGUAR LAND ROVER NORTH AMERICA, LLC and PENEGON NEWPORT BEACH, INC. dba JAGUAR LAND ROVER NEWPORT BEACH