BOWMAN AND BROOKE LLP
Brian Takahashi (SBN# 146505)
E-mail: Brian.Takahashi@bowmanandbrooke.com
Autumn E. Lewis (SBN# 295584)
E-mail: Autumn.Lewis@bowmanandbrooke.com
970 West 190th Street, Suite 700
Torrance, CA  90502
Tel:   310/ 768-3068
Fax:   310/ 719-1019

Attorneys for Defendant
JAGUAR LAND ROVER NORTH AMERICA, LLC
and PENEGON NEWPORT BEACH, INC. dba JAGUAR LAND ROVER
NEWPORT BEACH

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| ROBBIN ROTH, | ) CASE NO:  8:17-cv-01522 AG (DFMx) |
| | ) |
| Plaintiff, | ) *Assigned to Hon. Andrew J. Guilford* |
| | ) |
| vs. | ) |
| | ) **PENEGON NEWPORT BEACH, INC.** |
| JAGUAR LAND ROVER NORTH | ) **DBA JAGUAR LAND ROVER** |
| AMERICA, LLC, a Delaware Limited | ) **NEWPORT BEACH'S REPLY IN** |
| Liability Company, JAGUAR LAND | ) **SUPPORT OF ITS MOTION TO** |
| ROVER NEWPORT BEACH, a | ) **COMPEL ARBITRATION** |
| Business Organization Form Unknown, | ) |
| and DOES 1 through 10, inclusive, | ) Magistrate Judge for discovery-related motions: |
| | ) *Hon. Douglas F. McCormick* |
| Defendants. | |

## I.    INTRODUCTION

Plaintiff Robbin Roth's opposition misses the mark for several reasons. First, it relies largely upon case law and arguments about unconscionability that predate the California Supreme Court in *Sanchez v. Valencia Holding Co.*, 61 Cal.4th 899 (2015). Here, the terms of her arbitration provision are substantially

similar to - and in fact more favorable than - the arbitration provision upheld by the *Sanchez* Court.  So, there is no reason for this Court to rule different than the California Supreme Court's ruling in *Sanchez*.  The claims against Penegon Newport Beach, Inc. dba. Jaguar Land Rover Newport Beach ("JLR Newport Beach") must be compelled to arbitration with the American Arbitration Association.

Second, in arguing that the claims against Jaguar Land Rover North America, LLC ("JLRNA") are not intertwined with the claims against Jaguar Land Rover Newport Beach, she omits reference to the allegations in her Complaint. In no uncertain terms, she has focused her claims against both defendants on the condition of the vehicle at time of sale and bundled them together.  In short, plaintiff's opposition to the enforceability of her arbitration agreement is foreclosed by binding precedent and her factual allegations in the First Amended Complaint.  The motion to compel binding arbitration on all claims against both defendants in this lawsuit should be granted.

## II.      ARGUMENT

### A.      Plaintiff Agreed To The Arbitration Clause

On the front of the sales agreement, plaintiff signed a provision that contained her agreement, "pursuant to the Arbitration Provision on the reverse side of this contract… to resolve any dispute by neutral, binding arbitration and not by a court action."  Also on the front, just above her final signature line, was the following disclosure.

> YOU AGREE TO THE TERMS OF THIS CONTRACT. YOU CONFIRM THAT BEFORE YOU SIGNED THIS CONTRACT, WE GAVE IT TO YOU, AND YOU WERE FREE TO TAKE IT AND REVIEW IT.  YOU ACKNOWLEDGE THAT YOU HAVE READ BOTH SIDES OF THIS CONTRACT, INCLUDING THE ARBITRATION PROVISION ON THE REVERSE SIDE, BEFORE

1   SIGNING BELOW. YOU CONFIRM THAT YOU RECEIVED A
2   COMPLETELY FILLED-IN COPY WHEN YOU SIGNED IT.

3       While plaintiff claims there was no meeting of the minds because she did
4   not know what arbitration was, there is no factual support for this argument.  There
5   is no evidence that plaintiff couldn't read English or was otherwise incompetent to
6   understand what she signed.

7   **B.**    **To Invalidate An Arbitration Clause, Plaintiff Has The Burden**
8   **Of Proving Both Procedural and Substantive Unconscionability**

9       Under California law, "[t]he party resisting arbitration bears the burden of
10   proving unconscionability." *Pinnacle Museum Tower Ass'n v. Pinnacle Mktg. Dev.*
11   *(US), LLC,* 55 Cal.4th 223, 247 (2012). The California Supreme Court has
12   emphasized that "procedural and substantive unconscionability must both be
13   present" to permit a court "to refuse a contract." *Sanchez*, 61 Cal.4th at 910.
14   Procedural unconscionability "focus[es] on oppression or surprise due to unequal
15   bargaining power," while substantive unconscionability asks whether the terms are
16   "so one-sided as to shock the conscience." *Ibid*.   (quotation marks omitted).
17   Unconscionability is evaluated on a "sliding scale" - i.e. "the more substantively
18   oppressive the contract term, the less evidence of a procedural unconscionability is
19   required to come to the conclusion that the term is unenforceable, and vice versa.
20   Ibid (quotation marks omitted).

21   **C.**    **At Most, The Arbitration Agreement Has A Small Degree Of**
22   **Procedural Unconscionability**

23       Plaintiff attacks the arbitration provision as procedurally unconscionable for
24   two principal reasons: (1) no one told her about it, and (2) the AAA rules were not
25   provided her.  Neither suffices to invalidate the agreement.

26       The fact that the sales agreement is a standard form contract proves virtually
27   nothing.  Because the use of a standard form contract amounts only to a "low
28   degree" of procedural unconscionability, the arbitration agreement is enforceable

1   unless "the degree of substantive unconscionability [is] high."   *Dotson v Amgen,*
2   *Inc.,* 181 Cal.App.4th 975, 981 (2010).  As shown below, that is not the case here.
3   Moreover, *Sanchez* forecloses plaintiff's suggestion that JLR Newport Beach
4   needed to do more to highlight the arbitration provision.   As the California
5   Supreme Court explained, the dealer "was under no obligation to highlight the
6   arbitration clause of its contract, nor was it required to specifically call that clause
7   to [the plaintiff's] attention."  61 Cal.4th at 914.   The Court further noted that
8   "[a]ny state law imposing such an obligation would be preempted by the FAA."
9   Ibid. (citing *Doctor's Assocs., Inc. v. Casarotto* 517 U.S. 681, 684, 687-688
10  (1996)).

11        Our facts are even more compelling that there was, at most, de minimis
12  procedural unconscionability, given the fact that the front side of the sales
13  agreement contained an arbitration disclosure provision which plaintiff signed,
14  unlike the agreement in *Gutierrez v. Autowest, Inc.,* 114 Cal.App.4th 77 (2003),
15  where the arbitration clauses were on the back side of the contract only.  And, even
16  if the arbitration clause was on the backside only, the Sanchez case found its
17  placement there wasn't so procedurally unconscionable as to invalidate it.

18        Likewise, plaintiff's complaint that she wasn't provided the AAA rules do
19  not render the arbitration agreement procedurally unconscionable.  As noted in
20  *Lane v Francis Capital Mgmt,.* 224 Cal.App.4th 676, 691 (2014), "the failure to
21  attach a copy of the AAA rules d[oes] not render the agreement procedurally
22  unconscionable" as [t]here could be no surprise, as the arbitration rules referenced
23  in the agreement were easily accessible to the parties - the AAA rules are available
24  on the Internet."  No surprise, plaintiff's counsel was able to find the AAA's web
25  page containing its arbitration rules (See Opp. Memo, pgs. 7 and 8).   Its Consumer
26  Arbitration Rules, located at https://www.adr.org/Rules, clearly apply to this
27  dispute, not the Commercial Arbitration Rules.  Nowhere has plaintiff pointed out
28  any provision in the AAA rules that are substantively unconscionable, a

1  requirement our California Supreme Court has imposed for the argument raised
2  here.  See *Baltazar v. Forever 21 Inc.,* 62 Cal.4th 1237, 1246 (2016).

3      Plaintiff cannot show any substantive unconscionability - much less the
4  "high" degree that would be required to invalidate the arbitration agreement given
5  its minimal degree of procedural unconscionability.  *Dotson*, 181 Cal.App.4th at
6  981.  Plaintiff argues that the contract unfairly provides only JLR Newport Beach
7  with the choice of arbitration forums.  That argument is tenuous.  On its face,
8  plaintiff was empowered to select another arbitration organization if she so chose,
9  subject to JLR Newport Beach's agreement.   Naturally, some organizations might
10 be objectionable.   For example, if plaintiff chose some consumer advocate
11 organization to arbitrate the case.  But plaintiff is making a red herring argument
12 here.  She has never asked to arbitrate with any other organization.

13     Plaintiff's fallback argument is that AAA, as an organization, is biased, and
14 the arbitration clause is confusing.  In fact, courts have long recognized AAA as
15 providing a neutral and fair environment.  See, e.g. *Smith v. Sara Lee Fresh, Inc.,*
16 2007 WL 4356725 at *6 (E.D. Cal. 2007) ("both arbitration forums … - the AAA
17 and the JAMS - are respected alternative dispute organizations judicially noted for
18 providing neutral and fair environments"); *Ellis v. Western Airlines, Inc.,* 198 WL
19 109120, at *4 (S.D. Cal. 1987) ("the AAA is nationally reputed and well
20 respected.").

21     More importantly, nowhere does plaintiff establish that the language of the
22 arbitration clause is confusing or unintelligible, or that the AAA, and its applicable
23 consumer rules, would be unfair to her in this automobile case.  In fact, plaintiff
24 counsel's "expert" declaration, and exhibit nos. 1, 2 and 3 attached to his
25 declaration, are objectionable as hearsay, irrelevant, misleading and failing the
26 Daubert standard.   The entire discussion of the exhibits deals with the average
27 consumer's understanding of *credit card contracts* and the outcomes of arbitrations
28 involving *credit card billing disputes*.  None of the discussion relates to the simple

1   language on the back of plaintiff's sales agreement and/or the statistics for AAA of
2   disputes with California automobile purchasers or lessees.

3        Plaintiff argues that there is no guarantee she would be provided her fees if
4   she prevails.  That plaintiff would be entitled to her fees, costs and expenses from
5   the arbitrator if she prevailed on any of her statutory claims is established by the
6   arbitration clause itself.  It states that both parties would be responsible for their
7   own fees and costs "unless applicable law provides otherwise."  This mirrors the
8   default litigation rule.  By no means is this provision substantively unconscionable.
9   If she prevails on any of her causes of action which permit the recovery of
10  attorneys fees and costs, she can seek them from the arbitrator.

11       Finally, plaintiff argues that the arbitration clause is substantively
12  unconscionable because JLR Newport Beach is not required to arbitrate disputes
13  over its cancellation of the contract due to inability to finance and/or its
14  repossession of the vehicle.  Also, plaintiff argues that the small claims carve out is
15  useless here because her car cost more than the $10,000 small claims court
16  jurisdictional amount.  But *Sanchez* dealt with these issues.  The car there cost
17  $53,000.  The Court rejected the same arguments raised here.  It reasoned that the
18  agreement's exemption of self-help remedies from arbitration was not
19  unconscionable because it preserved the ability of the parties to go to small claims
20  court, which favored the car buyer.  *Sanchez*, 61 Cal.4th at 831, 922.  In addition, it
21  noted that arbitration is an alternative to litigation, and, self-help remedies are, by
22  definition, outside of litigation.  *Id.*

23       In short, plaintiff's unconscionability arguments are unavailing.

24  **D.    JLRNA Is Permitted to Join the Arbitration Because the Doctrine**
25  **of Equitable Estoppel Applies**

26       In *Kramer v Toyota Motor Corp.,* 705 F.3d 1122, 1124 (2013), Toyota
27  attempted to compel arbitration with the putative class action representatives
28  through an arbitration clause in a similar Retail Installment Sale Contract

("RISC").  After noting that Toyota was a nonsignatory to the RISC, the Court explored whether the doctrine of equitable estoppel would permit Toyota to compel arbitration.  Under two circumstances, the Court ruled that equitable estoppel could apply: "(1) whether a signatory must rely on the terms of the written agreement in asserting its claims against the nonsignatory or the claims are 'intimately founded in and intertwined with' the underlying contract (citing to *Goldman v. KPMG LLP*, 173 Cal.App.4th 209, 221 (2009)), and (2) when the signatory alleges interdependent and concerted misconduct by the nonsignatory and another signatory and 'the allegations of interdependent misconduct are founded in or intimately connected with the obligations of the underlying agreement." (citing to *Goldman*, 173 Cal.App.,4th at 219).  Because plaintiffs only asserted claims against Toyota, based upon its advertising and sale of new Prius vehicles, and, the implied warranty that accompanied them, the *Kramer* Court found no interdependent and concerted misconduct by Toyota and its dealers justifying equitable estoppel. *Id.* at 1127.

Unlike the *Kramer* case, circumstances exist here which justify the application of equitable estoppel.  First, JLR Newport Beach certified the subject vehicle and then sold it to plaintiff.  The gist of plaintiff's CLRA cause of action is that the vehicle shouldn't have been certified because of its condition.  In violating this statute, Plaintiff alleges here that *both* JLRNA and JLR Newport Beach were agents of each other  (See First Amended Complaint, ¶6 ), that the vehicle was not thoroughly inspected, repaired or reconditioned (See First Amended Complaint, ¶17), that it had an aftermarket exhaust system that caused abnormal vibration and noise (See First Amended Complaint, ¶13), and that JLRNA should not have allowed it to be sold to plaintiff as a Jaguar CPO vehicle (See First Amended Complaint, ¶49(3)).  In *Kramer*, no dealerships were named as codefendants.  It was not a case where a dealership or dealerships were seeking arbitration.  On the contrary, Toyota was seeking to arbitrate on its own.   There were no facts

1  connecting the allegations against the dealerships with the allegations against
2  Toyota.

3       Second, unlike *Kramer*, where the Court noted that all warranties were
4  disclaimed by the dealers, JLR Newport Beach provided an implied warranty with
5  the vehicle.  In paragraph 4 contained on the backside of the RISC, JLR Newport
6  Beach expressly stated: "If the Seller has sold you a certified used vehicle, the
7  warranty of merchantability is not disclaimed."  Both JLRNA and JLR Newport
8  Beach are being sued for breach of implied warranty.  "Among other things,"
9  plaintiff alleged the vehicle did not "pass… without objection in the trade under
10 the contract description" (See First Amended Complaint, ¶18).  The vehicle being
11 labeled "certified" anoints it with certain expectations in the trade.  JLRNA and
12 JLR Newport Beach allowing the vehicle to be sold as "certified" exposes both to
13 potential liability for breach of implied warranty.  Because of the implied warranty
14 cause of action, common to both JLRNA and Land Rover Newport Beach,
15 plaintiff has alleged interdependent misconduct founded in and intimately
16 connected with the obligations of the underlying agreement.
17 / / /
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

**E.      CONCLUSION**

For the reasons stated above, Defendants respectfully requests that this Court grant this motion to compel arbitration as to the entire action and both defendants.

DATED:  November 20, 2017                    BOWMAN AND BROOKE LLP


                                        BY:   /s/ Autumn E. Lewis
                                              Brian Takahashi
                                              Autumn E. Lewis
                                              Attorneys for Defendant
                                              JAGUAR LAND ROVER NORTH
                                              AMERICA, LLC and PENEGON
                                              NEWPORT BEACH, INC. dba
                                              JAGUAR LAND ROVER
                                              NEWPORT BEACH

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 20, 2017, I filed the foregoing document entitled **PENEGON NEWPORT BEACH, INC. DBA JAGUAR LAND ROVER NEWPORT BEACH'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION** with the clerk of court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in this action.

*/s/ Autumn E. Lewis*