UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 17-01522 AG (DFMx) | Date | December 4, 2017 |
|---|---|---|---|
| Title | ROBBIN ROTH v. JAGUAR LAND ROVER NORTH AMERICA, LLC ET AL. | | |

Present: The Honorable   ANDREW J. GUILFORD

| Lisa Bredahl | Not Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

**Proceedings:**   **[IN CHAMBERS] ORDER GRANTING MOTION TO COMPEL ARBITRATION IN PART**

This case concerns the enforceability of an arbitration agreement included in a preprinted car purchase contract. Plaintiff Robbin Roth purchased a "certified pre-owned" car, distributed by Jaguar Land Rover North America (referred to here as "JLR North America"), from Jaguar Land Rover Newport Beach ("JLR Newport Beach"). To do so, Plaintiff entered into a purchase contract with JLR Newport Beach. But shortly after the sale, the car allegedly began showing various defects affecting, among other things, the steering, suspension, and exhaust system of the car. Plaintiff sued Defendants JLR North America and JLR Newport Beach in state court. Against both Defendants, Plaintiff purportedly alleges claims for violations of the Song-Beverly Act, the Magnuson-Moss Act, and the Consumer Legal Remedies Act. Plaintiff also purports to allege a claim for violation of California's Unfair Competition Law against JLR Newport Beach.

Defendants timely removed the case to federal court. Now, relying on the arbitration agreement in Plaintiff's purchase contract, they move to compel arbitration of the claims against them and stay the case.

The Court GRANTS IN PART and DENIES IN PART the motion to compel arbitration. (Dkt. No. 16.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 17-01522 AG (DFMx) | Date | December 4, 2017 |
|---|---|---|---|
| Title | ROBBIN ROTH v. JAGUAR LAND ROVER NORTH AMERICA, LLC ET AL. | | |

## 1. EVIDENTIARY MATTERS

Defendants submitted with their motion, among other things, a declaration made by Pam Doyle, the Compliance Officer for JLR Newport Beach. (Dkt. No. 16-1.) Plaintiff objects to paragraphs 2 to 5 of Doyle's declaration. (Dkt. No. 22-7.) Plaintiff objects to all of those paragraphs based on Defendants' failure to produce Doyle as a witness for deposition under Federal Rule of Civil Procedure 37(c). The Court refuses to rule on that basis, and in any event the Court concludes that Defendants' failure here was harmless.

Broadly speaking, Plaintiff's other objections to paragraphs 2 to 4 are about lack of foundation and lack of personal knowledge. (Dkt. No. 22-7 at 2–4.) Paragraphs 2 and 3 state Doyle's position, explain what files she reviewed to prepare for her declaration, and describe the "custom and practice" of JLR Newport Beach. (Dkt. No. 16-1 at ¶¶ 2–3.) Paragraph 4 starts by describing part of a JLR Newport Beach form contract. (*Id.* at ¶ 4.) But the last sentence of paragraph 4 states, "Prior to signing the contract, as is the custom and practice of JLR Newport Beach, the Plaintiff is given an opportunity to read the back of the contract, which could include the arbitration clause." (*Id.*) Yet nowhere is there any evidence or even assertion that Doyle was present when Plaintiff signed her contract. Therefore, Plaintiff's objections about paragraphs 2 and 3 are overruled, but Plaintiff's objections about paragraph 4 are sustained as to the last sentence.

Finally, Plaintiff objects to paragraph 5, which states that a true and correct copy of the purchase contract is attached as Exhibit A. (Dkt. No. 22-7 at 4; Dkt. No. 16-1 at ¶ 5.) Plaintiff claims that statement is an improper opinion statement and a legal conclusion. (*Id.*) But Plaintiff isn't challenging the existence of a contract between her and JLR Newport Beach, nor does she seem to be challenging the accuracy of the contents of the contract copy attached as Exhibit A. To the contrary, her opposition is rife with quotes from and citations to Exhibit A. Plaintiff's own reliance on Exhibit A for her arguments clearly shows the frivolous nature of these last objections, which are overruled.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 17-01522 AG (DFMx) | Date | December 4, 2017 |
|---|---|---|---|
| Title | ROBBIN ROTH v. JAGUAR LAND ROVER NORTH AMERICA, LLC ET AL. | | |

## 2. BRIEF BACKGROUND

In April 2015, Plaintiff purchased a "certified pre-owned" 2011 Jaguar XJ, distributed by JLR North America, from JLR Newport Beach. The total sales price of the car was nearly $60,000. (Ex. A, Dkt. No. 16 Page ID 129.) Plaintiff financed her purchase with a loan from JLR Newport Beach. To complete the sale and loan, Plaintiff signed a preprinted purchase contract, entitled "RETAIL INSTALLMENT SALES CONTRACT – SIMPLE FINANCE CHARGE (WITH ARBITRATION PROVISION)." (*Id.*) The contract title is marked in bold capital letters at the top of the contract. (*Id.*) Almost just below the title, the contract lists the parties to the contract, Plaintiff and JLR Newport Beach. (*Id.*)

Plaintiff had to sign next to various provisions on the contract, including next to the "Agreement to Arbitrate."

> **Agreement to Arbitrate**: By signing below, you agree that, pursuant to the Arbitration Provision on the reverse side of this contract, you or we may elect to resolve any dispute by neutral, binding arbitration, and not by a court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate.

(Ex. A, Dkt. No. 16 Page ID 129) (emphasis in original). The "Arbitration Provision" mentioned in the Agreement to Arbitrate is found on the back of the contract and is announced in bold capital letters. The relevant provisions follow.

> Any claim or dispute, whether in contract, tort, statute or otherwise . . . between you and us . . . which arises out of or relates to your credit application, purchase or condition of this vehicle . . . shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action . . . . You may choose the American Arbitration Association . . . (www.adr.org), or any other organization to conduct the arbitration subject to our approval . . . .
>
> You and we retain the right to seek remedies in small claims court for disputes

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 17-01522 AG (DFMx) | Date | December 4, 2017 |
|---|---|---|---|
| Title | ROBBIN ROTH v. JAGUAR LAND ROVER NORTH AMERICA, LLC ET AL. | | |

> or claims within that court's jurisdiction, unless such action is transferred, removed, or appealed to a different court. Neither you nor we waive the right to arbitrate by using self-help remedies, such as repossession, or by filing an action to recover the vehicle, to recover a deficiency balance, or for individual injunctive relief.

(Ex. A, Dkt. No. 16 Page ID 132.) Despite the arbitration agreement in her contract, Plaintiff filed a lawsuit against Defendants in state court when she allegedly started experiencing problems with her car. Having removed the case to federal court, Defendants now move to compel arbitration.

## 3. LEGAL STANDARD

Congress drafted the Federal Arbitration Act ("FAA") to "overcome judicial resistance to arbitration" and "place[] arbitration agreements on equal footing with all other contracts." *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006). The FAA thus makes any arbitration agreement "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract," 9 U.S.C. § 2. While "embod[ying] the national policy favoring arbitration," *Buckeye*, 546 U.S. at 443, the FAA preserves "generally applicable contract defenses, such as . . . unconscionability," *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (quoting *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996)). The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985); *see also Kilgore v. KeyBank, Nat'l Ass'n*, 718 F.3d 1052, 1058 (9th Cir. 2013). This mandate limits the Court's role to (1) determining "whether a valid arbitration agreement exists," and (2) deciding "whether the agreement encompasses the disputes at issue." *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1175 (9th Cir. 2014).

## 4. ANALYSIS

Plaintiff argues that the arbitration agreement is unenforceable because it's unconscionable

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 17-01522 AG (DFMx) | Date | December 4, 2017 |
|---|---|---|---|
| Title | ROBBIN ROTH v. JAGUAR LAND ROVER NORTH AMERICA, LLC ET AL. | | |

and because the parties made a mutual mistake regarding material terms. Even if the agreement is enforceable, Plaintiff argues that it doesn't require her to arbitrate her claims against JLR North America, which isn't a party to the agreement.

### 4.1 Enforceability of the Agreement

#### 4.1.1 Unconscionability

The party opposing arbitration bears the burden of proving the defense of unconscionability. *Sanchez v. Valencia Holding Co., LLC*, 61 Cal. 4th 899, 911 (2015) (citing *Sonic-Calabasas A, Inc. v. Moreno*, 57 Cal. 4th 1109, 1148 (2013) ("*Sonic II*")). To meet that burden, the opposing party must prove the agreement is both procedurally and substantively unconscionable. *Id.* at 910. Procedural unconscionability focuses on "oppression or surprise due to unequal bargaining power." *Id.* (citing *Sonic II*, 57 Cal. 4th at 1133). Substantive unconscionability exists when the contract terms don't just amount to a bad bargain but unreasonably favor the more powerful side. *Id.* at 911. Procedural and substantive unconscionability need not be present to the same degree. *Id.* at 910. Instead, courts use a sliding scale: "the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." *Id.* (quoting *Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 114 (2000)).

*Procedural Unconscionability.* The arbitration agreement presents at least some level of procedural unconscionability because it was presented as an adhesion contract. *See Sanchez*, 61 Cal. 4th at 915. Plaintiff argues there was further evidence of surprise because the arbitration terms were not meaningfully disclosed to her and because she was not provided a copy of the American Arbitration Association, or "AAA," rules. (Opp'n, Dkt. No. 22 at 7–8.) But Defendants were not "required to specifically call" the arbitration provisions to Plaintiff's attention. *See Sanchez*, 61 Cal. 4th at 915. And "artfully hid[ing]" arbitration rules isn't procedurally unconscionable unless those rules are the specific basis for the claim of substantive unconscionability. *See Baltazar v. Forever 21, Inc.*, 62 Cal. 4th 1237, 1246 (2016). Here, none of Plaintiff's substantive unconscionability claims rely on the AAA rules. So, overall, the agreement presents a low degree of procedural unconscionability.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 17-01522 AG (DFMx) | Date | December 4, 2017 |
|---|---|---|---|
| Title | ROBBIN ROTH v. JAGUAR LAND ROVER NORTH AMERICA, LLC ET AL. | | |

*Substantive Unconscionability.* Plaintiff has raised several arguments about the substantive unconscionability of the arbitration provision at issue here. Yet the California Supreme Court determined that an almost identical arbitration agreement in a car purchase contract was not unconscionable. *See Sanchez*, 61 Cal. 4th at 921–22. This Court therefore finds that the arbitration agreement here isn't substantively unconscionable.

*Sliding Scale.* The agreement presents a low degree of procedural unconscionability but isn't "manifestly unfair or one-sided." *See Sanchez*, 61 Cal. 4th at 915 (citing *Gentry v. Super. Ct.*, 42 Cal. 4th 443, 469, 165 P.3d 556, 572 (2007)). That isn't enough to invalidate the arbitration agreement as unconscionable. *See id.*

### 4.1.2 Mutual Mistake of Fact

When "the meaning of the relevant contractual language is not in dispute, the party alleging the mistake . . . bears the burden of proving that a mistake occurred." *Hess v. Ford Motor Co.*, 27 Cal. 4th 516, 525 (2002) (citation omitted). Here, Plaintiff is the one claiming that she should be allowed to rescind the contract because a mutual mistake about an essential element of the contract affected the contract's formation. (Opp'n, Dkt. No. 22 at 20.) To support her argument, Plaintiff says that she didn't know what arbitration was when she signed the purchase contract, and that there's no evidence JLR Newport Beach's "relevant employees" knew what arbitration was either. (*Id.* at 19.)

Plaintiff's argument misses the point. The party to the contract is JLR Newport Beach. It's JLR Newport Beach's understanding and intent that matter here. And since JLR Newport Beach drafted the contract, it's difficult to conceive it didn't know what arbitration was when it decided to include an arbitration agreement in the contract. Especially since Plaintiff hasn't offered any evidence on the issue of the knowledge of the drafter, despite bearing the burden of showing mistake. *See Hess*, 27 Cal. 4th at 525.

Plaintiff hasn't met her burden on mistake.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 17-01522 AG (DFMx) | Date | December 4, 2017 |
|---|---|---|---|
| Title | ROBBIN ROTH v. JAGUAR LAND ROVER NORTH AMERICA, LLC ET AL. | | |

### 4.2  Claims against JLR North America

The arbitration agreement at issue here was only between Plaintiff and one of the Defendants, JLR Newport Beach. JLR North America isn't a party to the contract that contains the arbitration agreement. Plaintiff therefore contends that she shouldn't be compelled to arbitrate her claims against JLR North America. Defendants argue that the "entire matter should be ordered to arbitration." (Mot., Dkt. No. 16 at 9.) Just as the fate of each side's arguments about unconscionability was determined in large part by the California Supreme Court's *Sanchez* opinion, the merit of the parties' arguments about JLR North America's ability to compel arbitration turns on the Ninth Circuit decision, *Kramer v. Toyota Motor Corp.*, 705 F.3d 1122 (9th Cir. 2013), and the doctrine of equitable estoppel.

Before discussing *Kramer* more thoroughly though, here are a few words on Defendant's arguments about that decision and about the doctrine of equitable estoppel. Because those arguments weren't clearly articulated in Defendants' moving papers, Plaintiff asserts that Defendants shouldn't be allowed to make those arguments in their reply. (Opp'n, Dkt. No. 22 at 25.) But Plaintiff discussed *Kramer* in depth in her opposition, and since a reply is a rebuttal to the arguments raised in an opposition, the Court here will allow Defendants to rebut Plaintiff's arguments about *Kramer*.

Turning, then, to the merits of the *Kramer*-related arguments, the Court finds that JLR North America may not compel Plaintiff to arbitrate her claims against it.

Determining if Plaintiff's claims against a nonsignatory defendant should be arbitrated doesn't depend on the scope of the arbitration agreement, and it is properly within a district court's authority. *Kramer*, 705 F.3d at 1126, 1128. A "litigant who is not a party to an arbitration agreement may invoke arbitration under the FAA if the relevant state contract law allows the litigant to enforce the agreement." *Id.* at 1128 (citing *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 632 (2009)). Under California law, a nonsignatory may invoke an arbitration agreement, relying on the doctrine of equitable estoppel in two types of situations:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 17-01522 AG (DFMx) | Date | December 4, 2017 |
|---|---|---|---|
| Title | ROBBIN ROTH v. JAGUAR LAND ROVER NORTH AMERICA, LLC ET AL. | | |

(1) [W]hen a signatory must rely on the terms of the written agreement in asserting its claims against the nonsignatory or the claims are "intimately founded in and intertwined with" the underlying contract . . . and (2) when the signatory alleges substantially interdependent and concerted misconduct by the nonsignatory and another signatory and "the allegations of interdependent misconduct [are] founded in or intimately connected with the obligations of the underlying agreement."

*Kramer*, 705 F.3d at 1128–29 (citation omitted) (second alteration in original). Here, Defendants argue that Plaintiff's claims against JLR North America are "intimately founded in and intertwined with" Plaintiff's contract with JLR Newport Beach. (*See* Reply, Dkt. No. 23 at 8.) But the Ninth Circuit determined in *Kramer* that under California law, claims brought by car purchasers against the car manufacturer for, among other things, breach of implied warranty and violation of California's Consumers Legal Remedies Act were not intimately founded in the car purchase contracts. *See Kramer*, 705 F.3d at 1130–32.

The Court finds that the present facts are similar enough to those in *Kramer* for that case to control here. The claims that Plaintiff purports to allege against JLR North America are claims for breach of implied warranty and violation of California's Consumers Legal Remedies Act, just like in *Kramer*. And like the manufacturer in *Kramer*, JLR North America allegedly owes certain statutory duties to the end-buyers of the cars it distributes. These similarities are compelling, which is something that cannot be said of Defendants' attempts to distinguish this case from *Kramer*. (*See* Reply, Dkt. No. 23 at 7–8.) Neither Plaintiff's passing reference to the Defendants being agents of each other nor the presence of more than one defendant in this lawsuit would affect the *Kramer* analysis. And JLR North America's warranty obligations, imposed by law, aren't changed just because Plaintiff's purchase contract states that JLR Newport Beach doesn't disclaim the warranty of merchantability on the sale of certified used cars. So under *Kramer*, JLR North America may not rely on the doctrine of equitable estoppel to force Plaintiff into arbitration on the claims between them.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SACV 17-01522 AG (DFMx) | Date | December 4, 2017 |
|---|---|---|---|
| Title | ROBBIN ROTH v. JAGUAR LAND ROVER NORTH AMERICA, LLC ET AL. | | |

In conclusion, the arbitration agreement in the purchase contract requires that Plaintiff's claims against JLR Newport Beach be arbitrated, but not her claims against JLR North America. If there are any issues involving stay, additional motions must be brought.

## 5. DISPOSITION

The Court GRANTS IN PART and DENIES IN PART the motion to compel arbitration as explained previously. (Dkt. No. 16.)

| | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |